```
BENJAMIN B. WAGNER
United States Attorney
JEAN M. HOBLER
Special Assistant U.S. Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916)554-2700

Attorneys for Plaintiff
United States of America
```

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>  v.<br><br>APPROXIMATELY $20,000 IN U.S. CURRENCY SEIZED FROM BANK OF STOCKTON ACCOUNT NUMBER 3210018689,<br><br>APPROXIMATELY $20,000 IN U.S. CURRENCY SEIZED FROM BANK OF STOCKTON ACCOUNT NUMBER 3210018671, and<br><br>APPROXIMATELY $20,000 IN U.S. CURRENCY SEIZED FROM BANK OF STOCKTON ACCOUNT NUMBER 3210018697,<br><br>  Defendants. | 2:10-MC-00124-FCD-DAD<br><br>**STIPULATION TO DISMISS AND ORDER DISMISSING MATTER AND TRANSFERRING FUNDS TO THE BANKRUPTCY ESTATE**<br><br>Date:      N/A<br>Time:      N/A<br>Courtroom: N/A |

Plaintiff United States of America, potential claimants Redentor Magsayo and Judie Magsayo ("Claimants"), and the trustee for the bankruptcy estate of Redentor and Judie Magsayo, by and through their undersigned counsel, hereby agree and stipulate as follows:

1. This is a civil forfeiture action against Approximately $20,000.00 in U.S. Currency seized from Bank of Stockton Account Number 3210018689, Approximately $20,000.00 in U.S. Currency seized from Bank of Stockton Account Number 3210018671, and Approximately $20,000.00 in U.S. Currency seized from Bank of Stockton Account Number 32100186897 (hereafter "Defendant Funds"). The deadline to file a civil complaint is December 14, 2010.

2. On August 9, 2010, agents with the Internal Revenue Service ("IRS") seized the Defendant Funds from the Bank of Stockton pursuant to a federal seizure warrant. The IRS commenced administrative forfeiture proceedings, sending direct written notice to all known potential claimants and publishing notice to all others. On or about September 15, 2010, the IRS received a claim from Judie Magsayo asserting an ownership interest, "one half community property," in the Defendant Funds. On or about September 17, 2010, the IRS received a claim from Redentor Magsayo asserting an ownership interest in the Defendant Funds on behalf of his children. No other parties have filed claims in this matter, and the time for which any person or entity may file a claim has expired.

3. Plaintiff and the Claimants agree that in light of on-going bankruptcy proceedings, the best method for determining the appropriate disposition of the Defendant Funds is to transfer the funds to the bankruptcy court presiding over the Claimants' pending bankruptcy case for distribution to the Claimants' creditors in accordance with all applicable laws.

4. Pursuant to Rule 41 of the Federal Rules of Civil

Procedure, Plaintiff and Claimants now seek to dismiss this forfeiture action without prejudice.  This stipulation is based upon the determinations that: (a) the Defendant Funds were at the time of the seizure properly part of a bankruptcy estate that is under current administration; and (b) the funds should be administered in connection with the bankruptcy proceedings for Claimants.

    5.   The rights of Claimants, if any, to the Defendant Funds will be determined in accordance with applicable bankruptcy law, forfeiture law, and/or other applicable law.  Nothing in this stipulation is intended to adjudicate, hinder, or impair the rights of Claimants to the Defendant Funds, and such rights, if any, are preserved and will be addressed in the bankruptcy proceedings discussed below.  The rights of the Government, if any, to the Defendant Funds will be determined either through the bankruptcy proceedings or through further civil or criminal proceedings seeking either the Defendant Funds or substitute assets.

    6.   If this matter proceeded to trial in a civil forfeiture proceeding the government would show that:

        a.   On June 16, 2010, Claimants filed a Voluntary Petition for Chapter 11 bankruptcy in the United States Bankruptcy Court in the Eastern Judicial District of California (the "Bankruptcy Court").  The Claimants' bankruptcy case is currently pending in the Bankruptcy Court under Case No. 10-35835 (the "Bankruptcy Case").

        b.   On June 25, 2010, the Claimants opened three accounts in the names of their minor children at Bank of

Stockton: (i) Bank of Stockton Account Number 3210018689; (ii) Bank of Stockton Account Number 3210018671; and (iii) Bank of Stockton Account Number 32100186897.  On June 25, 2010, Claimants deposited a total of $30,000.00 in cash in the foregoing Bank of Stockton accounts, depositing $10,000 in each of the three accounts in $100 denominations.  These deposits were made after the Claimants inquired about the bank's reporting to the IRS of the deposits they made.

   c.  On June 29, 2010, the Claimants filed, among other things, the following documents in connection with their Bankruptcy Case with the Bankruptcy Court: (i) Schedules A, B, C, D, E, F, G, H, I and J; (ii) Declaration Concerning Debtor's Schedules; and (iii) Statement of Financial Affairs.  According to their Schedule B, the Claimants' cash on hand was $100.00.  No disclosure was made that the Claimants held additional funds, either on their own behalf or on behalf of their minor children.

   d.  Also according to their Schedule B, under the Type of Property Section used to disclose checking, savings or other financial accounts, the Claimants only listed checking and savings accounts held at Financial Credit Union and Allied Credit Union.  The Claimants did not report the three Bank of Stockton accounts identified in Paragraph 6(b) above.  Nor did the Claimants disclose an additional bank account at Bank of Stockton that they held in their own name, which account was opened by the Claimants on or about June 24, 2010.  According to bank records, on June 28, 2010, Claimants made a deposit to this additional Bank of Stockton checking account of $531.36 and received $200.00 in less cash.

   f. According to the Statement of Financial Affairs in the section entitled "Property held for another person," where debtors are required list all property owned by another person that the debtors hold or control, the Claimants listed "None." As noted above, on June 29, 2010, when the Claimants filed this statement with the United States Bankruptcy Court they held three Bank of Stockton personal savings accounts in the names of their three children each holding a balance of $10,000.00 for a total of $30,000.00.

   g. On June 30, 2010, Claimants deposited an additional $10,000.00 in cash to each of the minor children's Bank of Stockton personal savings account numbers 3210018689, 3210018671, and 3210018697 for a total of $30,000.00.

   h. The transactions identified in Paragraphs 6(b) and 6(g) above reflect approximately six (6) deposits, totaling approximately $60,000.00, into the Bank of Stockton personal savings account numbers 3210018689, 3210018671, and 3210018697 in same day transactions, all of which were in amounts at or under the Currency Transaction Report threshold of $10,000.00.

  7. Claimants contest the factual assertions contained in Paragraph 6, above, but for the purpose of reaching an amicable resolution and compromise of this matter, Claimants do not contest that an adequate factual basis exists to support forfeiture of the Defendant Funds.  Claimants hereby acknowledge that they are the sole owners of the Defendant Funds, either on their own behalf or on behalf of one or more of their minor children, and that no other person or entity has any legitimate claim of interest therein.  Should any person or entity institute

any kind of claim or action against the government with regard to its forfeiture of the Defendant Funds, Claimants agree to hold harmless and indemnify the United States both on their own behalf and on behalf of their minor children.

8. The parties to this stipulation agree that these funds should be administered by the trustee in the Chapter 11 bankruptcy case under the supervision of the Bankruptcy Court.

9. Upon dismissal of this action, the Defendant Funds will be transferred from the U.S. Treasury-Customs Suspense Account to the trustee of the Bankruptcy Court in the Eastern District of California, within a reasonable period but no longer than 60 days from entry of the order of dismissal.

10. For the purposes of this stipulation, Claimants do not oppose a finding that there was reasonable cause for the seizure and arrest of the defendant funds and, accordingly, the parties agree that the Court may enter a Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465.

11. The parties further stipulate that even if the Claimants receive any distribution of funds in the bankruptcy proceedings, that distribution is not to be considered as a "judgment for the claimant" within the meaning of 28 U.S.C. § 2465(a), nor will Claimants be considered "prevailing part[ies]" within the meaning of 28 U.S.C. § 2465(b).

12. Under no circumstances will the United States be liable for costs, attorney fees, or other expenses incurred by Claimants or any other person or entity in this forfeiture action or in the bankruptcy proceedings.

```
 1  DATED:   12/8/2010                    BENJAMIN B. WAGNER
                                          United States Attorney
 2

 3                                   By:   /s/ Jean M. Hobler
                                          JEAN M. HOBLER
 4                                        Special Ass't U.S. Attorney

 5
    DATED:   12/7/10
 6                                   By:   /s/ Joseph J. Wiseman
                                          JOSEPH J. WISEMAN
 7                                        Individual Counsel for
                                          Redentor Magsayo
 8
    DATED:   11/29/10
 9

10                                   By:   /s/ Candace A. Fry
                                          CANDACE A. FRY
11                                        Individual Counsel for
                                          Judie Magsayo
12

13
    DATED:   11/23/10
14

15                                   By:   /s/ John Sargetis
                                          JOHN SARGETIS
16                                        Bankruptcy Counsel for
                                          Claimants
17  DATED:  Dec 8, 2010

18
                                     By:   /s/ Jeffrey B. Setness
19                                        JEFFREY B. SETNESS
                                          Attorneys for Bankruptcy
20                                        Trustee

21
                           (Original signatures retained by attorney)
22
```

**CERTIFICATE OF REASONABLE CAUSE**

Pursuant to the Stipulation for Dismissal, the Court enters this Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465, that there was reasonable cause for the seizure of the funds identified as Approximately $20,000.00 in U.S. Currency seized from Bank of Stockton Account Number 3210018689, Approximately $20,000.00 in U.S. Currency seized from Bank of Stockton Account Number 3210018671, and Approximately $20,000.00 in U.S. Currency seized from Bank of Stockton Account Number 32100186897.

Dated: December 14, 2010

_____
FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE

**ORDER**

Pursuant to the Stipulation for Dismissal and Rule 41 of the Federal Rules of Civil Procedure, the Court orders the matter dismissed without prejudice. The Court further orders pursuant to the stipulation of the parties that the funds identified as Approximately $20,000.00 in U.S. Currency seized from Bank of Stockton Account Number 3210018689, Approximately $20,000.00 in U.S. Currency seized from Bank of Stockton Account Number 3210018671, and Approximately $20,000.00 in U.S. Currency seized from Bank of Stockton Account Number 32100186897, together with interest earned thereon, if any, be remitted to the bankruptcy estate known as the "Estate of Judie and Redentor Magsayo" within 60 days of entry of this order.

Dated: December 14, 2010

_____
FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE